Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Plaintiff-Appellee,

v.

KFC NATIONAL MANAGEMENT COMPANY, d/b/a Kentucky Fried Chicken, Defendant-Appellant.

No. 81–5162.

United States Court of Appeals, Sixth Circuit.

Argued March 17, 1982.

Decided July 12, 1982.

Thomas W. Power, Robert D. McDonald, Power & McDonald, Washington, D. C., for defendant-appellant.

Wendy S. Hildreth, U. S. Dept. of Labor, Nashville, Tenn., Donald S. Shire, Claire White, U. S. Dept. of Labor, Washington, D. C., for plaintiff-appellee.

Before KEITH and MERRITT, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

PER CURIAM.

Kentucky Fried Chicken Management Company, d/b/a Kentucky Fried Chicken ("KFC"), has appealed from an order of the United States District Court for the Eastern District of Tennessee to pay overtime compensation unlawfully withheld from employees at six KFC food establishments in Chattanooga, Tennessee. The Secretary of Labor filed this action under Section 17 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (1976). The Secretary alleged that Kentucky Fried Chicken willfully violated the overtime compensation provisions of the FLSA, 29 U.S.C. § 207, between September 21, 1975, and December 31, 1978.

In deference to long-accepted labor practices in certain traditional industries, Congress provided certain establishments with partial exemptions from the minimum wage schemes of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* (1970 & 1973 Supp.). In granting such exemptions to certain food retailers, Congress distinguished between employees of "restaurants," 29 U.S.C. § 213(b)(8), and other food service employees, 29 U.S.C. § 213(b)(18). In 1974 Congress reduced by differing amounts the number of hours allowed without overtime pay for each exemption, and provided for the ultimate repeal of both exemptions. 88 Stat. 64, 65; 91 Stat. 1252; see Appellees Brief at 13. The 1974 amendment provided, in effect, that until the overtime exemptions were completely repealed, restaurant workers would have to work more hours before qualifying for overtime than would other food service workers.

The Department of Labor in its Interpretive Bulletin, has consistently differentiated between "restaurants" and other food ser-

vice establishments for the purposes of determining exemptions from the minimum wage laws. The current interpretation—which has been in effect in essentially the same form since 1961—states that for the purposes of the FLSA exemption, a restaurant is an establishment "primarily engaged in selling and serving to purchasers at retail prepared food and beverages for *immediate consumption on the premises.*" 29 C.F.R. 779.387 (1981) (emphasis added).

From September 1975 to December 1978, the time during which KFC's compliance with the overtime laws is contested by the Secretary, KFC operated four outlets lacking any dining areas or public restrooms. Two other outlets lacked such facilities from September 1975 till December 1977. In applying the FLSA overtime exemptions KFC, apparently upon the advice of counsel, chose to consider all of its facilities including those without dining areas as "restaurants," thereby requiring all of its food service employees to work longer hours before qualifying for overtime pay.

At the time KFC made its decision to classify its establishments without dining areas as "restaurants," it was fully apprised of the distinction that Congress made between restaurant employees and other food service employees, and of the Secretary's interpretation thereof, 29 C.F.R. 779.387, under which establishments without on-premises dining facilities could not reasonably qualify as "restaurants." KFC was also aware of an opinion letter procured on May 1, 1975, procured by its Trade Association from the Secretary to the effect that fast-food outlets without dining facilities are not "restaurants" for the purposes of the 29 U.S.C. § 213(b)(8) overtime exemption (because they lacked "the characteristic employee services and the physical equipment and furnishings that patrons require for consumption of meals on the premises"). App. at 10, 113–115. In addition, after an investigation, KFC was informed in February 1977, by a Department of Labor compliance officer that the six establishments without seating facilities were not restaurants for the purposes of the overtime exemption. App. at 15 & 23. Nonetheless,

KFC chose not to pay certain overtime wages to employees of its establishments without dining facilities, believing the Department of Labor's interpretation of the FLSA provisions to be incorrect. The Secretary, therefore, brought this action to compel compliance with the FLSA. The District Court found that the Secretary's interpretation of the restaurant exemption was reasonable and fully supported by the plain language and legislative history of the Act, and determined that in view of KFC's full awareness of the Secretary's interpretation of the Act, its failure to pay the contested overtime rates was "willful" and therefore subject to the longer three-year statute of limitations provided by the statute, 29 U.S.C. § 255(a).

On appeal KFC contends that the District Court's use of the criterion of on-premises dining facilities to distinguish "restaurants" from other food service establishments was unreasonable, and that in any event, its failure to pay overtime arose out of an ambiguity in the statute, was in good faith and therefore not "willful."

This Court has ruled that when an administrative agency's interpretation of an Act is reasonable and in keeping with Congressional intent, it is "entitled to great deference," *Usery v. Yates,* 565 F.2d 93, 96 (6th Cir. 1977); *accord Roland Co. v. Walling,* 326 U.S. 657, 66 S.Ct. 413, 90 L.Ed. 383 (1946). In granting a partial overtime exemption, Congress was evidently concerned that the exemption not be interpreted too broadly by food service employers, and therefore clearly limited the exemption in the 1974 Amendments to "restaurants," and made separate provisions for "other food service employees." *See* Appellees Brief at 15–16. Congress was aware at that time of the Secretary's interpretation of "restaurants" as requiring on-premise dining facilities. Congress clearly intended to distinguish among food service establishments and to strictly limit the partial exemption. Contrary to KFC's contention, the interpretation of "restaurants" as requiring on-premises dining facilities is reasonable. As a matter of logic if such a criterion were

not a distinguishing factor, there would be no rational distinction between restaurants and other food service establishments and Congress' provisions distinguishing among them and providing for separate treatment would be without effect. Even were the use of this distinguishing factor not logically compelled by the statute, we would find, as did the District Court, that the Department's criteria for distinguishing restaurants from other establishments on the availability of seating facilities and public restrooms were reasonable, *Cf.*, Appellee's Brief at 23 (for the Census Bureau's "Standard Industrial Classification" definition of "restaurant"), and consistent with Congress' intent to limit overtime exemptions to those industries where traditional labor practices made compliance difficult. The fact that KFC operates both restaurants and other food service outlets obviously requires it to treat employees of each establishment differently; there is nothing inequitable or irrational about this result. Owning restaurants does not entitle KFC to evade its overtime pay obligations to employees in its nonrestaurant operations.

The argument that KFC's failure to pay overtime was not willful has no merit. KFC does not seriously challenge the fact that it consciously chose not to follow the interpretation of the Department of Labor in refusing to pay certain overtime wages to its employees at the six establishments in question. As the District Court noted, "an employer who knows he may be subject to the Act and proceeds voluntarily to engage in conduct which he knows may violate the Act has done so willfully."

Accordingly, the judgment of the District Court is affirmed.